**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD J. DITZIK,

        Plaintiff,                                   Case No. 05-73584

v.                                                          Hon. Gerald E. Rosen

ERGOTRON, INC., *et al.,*

        Defendants.
_____/

**ORDER REGARDING THIRD PARTY SAMSUNG'S
MOTION TO INTERVENE AND FOR PROTECTIVE ORDER AND
THIRD PARTY DELL'S MOTION FOR LEAVE TO FILE OBJECTION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on __May 9, 2008_____

PRESENT:  Honorable Gerald E. Rosen
                United States District Judge

By motions filed on March 21, 2008 and March 28, 2008, third parties Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Dell Inc. seek to lodge objections to certain discovery requests served by Defendants in this case.[1] Through these challenged discovery requests, Defendants ask that Plaintiff produce a variety of materials that he obtained from the above-mentioned third parties and other companies in the course of a prior action, Case No. 03-74043, that Plaintiff brought against these companies. Just as discovery in the present suit is governed by a protective order that

---

[1]Another third party, ViewSonic Corporation, has lodged objections directly with the parties to the present suit, but has not sought to file these objections with the Court.

restricts the use and disclosure of confidential information, the parties' production of documents in the prior litigation was governed by a similar order. As explained below, the Court agrees with the third party movants that Plaintiff's production of the requested materials is precluded by the express terms of the protective order entered in the prior suit, absent authorization that the Court declines to grant at this time.

Under the protective order entered in the present action, if a document request seeks the production of the "confidential information of a third party" that is within the "possession, custody, or control of a party to this litigation," then permission must be sought from the third party, and this third party is given a 10-day window of opportunity to "lodge an objection with the Court." (3/10/2008 Protective Order at ¶ 9.) When Defendants served discovery requests seeking the production of various materials Plaintiff had obtained from the defendants in the prior suit, Plaintiff gave the requisite notice to these third parties, and several of them objected to this production.[2]

---

[2] Notably, the provision in the current protective order requiring third-party objections to be "lodge[d] . . . with the Court" runs counter to the usual rule in this District that discovery materials "shall not be filed with the Clerk." Local Rule 26.2(a), Eastern District of Michigan. For this reason, third party Dell's initial attempt to file its objection was rebuffed by the Clerk. Through its present motion, Dell seeks leave to file this objection, and the motion filed by the two Samsung entities seeks comparable relief — namely, leave to intervene for the limited purpose of litigating their objections to Plaintiff's threatened production of materials obtained from them in the prior suit.

To the extent that these motions seek leave to raise third-party objections and request a judicial determination whether to permit the discovery sought by Defendants, all are agreed that this relief should be granted, and the Court likewise finds that this issue is appropriate for its resolution. Nonetheless, if such third-party objections should arise in the future, the better practice would be to simply serve these objections on the parties and allow them to decide whether to pursue a motion to compel. In this way, unnecessary motion practice is avoided in

Among the grounds for their objections, the third parties argue that Plaintiff's production of materials that he obtained from them in the prior litigation would run afoul of one or more terms of the April 5, 2004 protective order entered in this prior suit pursuant to the stipulation of the parties. In addition to terms restricting access to materials designated by the parties as either "confidential" or "highly confidential," this protective order provided more generally that any such designated materials "shall not be (1) made available, directly or indirectly or through paraphrasing, by the party receiving it to any persons or entities other than [certain designated representatives] of the receiving party, or (2) *used by the other party for any purpose other than in connection with this litigation.*" (Case No. 03-74043, 4/5/2004 Protective Order at ¶ 6 (emphasis added).) As the third parties correctly observe, Plaintiff's proposed production of these materials to Defendants in the present action could hardly be deemed "use[] . . . in connection with" the prior suit. It follows that this production is presumptively prohibited under the express terms of the protective order by which Plaintiff was bound — and to which he gave his explicit consent — in the prior litigation.[3]

---

the event that the parties and third parties are able to cooperatively resolve their dispute over the production of third-party materials. Because such a cooperative resolution was not achieved in the present instance, the Court proceeds to decide the matter.

[3]The Court notes that this prior protective order was to "remain in full force and effect throughout [the prior] action and after its conclusion and until modified, superseded or terminated by Order of the Court or by agreement of the parties." (4/5/2004 Protective Order at ¶ 27.) This order further provided that it was to "continue to be binding after the conclusion of this litigation," absent the written permission of the producing party or further order of the Court, and that "the Court retains jurisdiction indefinitely over the parties . . . with respect to any dispute over the improper use of" confidential materials. (Id. at ¶ 20.) The parties to the present

While Plaintiff and Defendants advance various reasons why the requested production should go forward despite the prior protective order, the Court finds none of these arguments persuasive. First, Plaintiff and Defendants alike contend that the third parties are adequately protected against the unwarranted disclosure of or access to their confidential information by the protective order entered in the present suit, which includes terms substantially similar to those that the third parties agreed to in the prior litigation. Yet, as Samsung points out, while the terms of the two protective orders are similar, the protections afforded to the third parties differ in important respects: (i) the third parties are not parties to the present suit, and thus cannot invoke the procedural safeguards that are available to the parties under the present protective order; (ii) the present protective order is neither designed nor well-suited to protect against the chief concern of the third parties — namely, that Defendants, their direct competitors, will gain access to their confidential information; and (iii) the third parties lack any protection comparable to that which they negotiated among themselves as part of a joint defense agreement in the prior suit. In light of these distinctions, the Court agrees that the current protective order is insufficient to supplant the restrictions and protections negotiated and agreed to by the parties to the prior litigation.

Next, Plaintiff and Defendants argue that the third parties have a diminished interest in the confidentiality of the materials they produced in the prior litigation, where

---

suit do not contend that this protective order is no longer in effect or enforceable.

4

this information is now older and less current. Be that as it may, the parties have not suggested any principled basis for this Court to make an across-the-board determination that *none* of the materials sought in Defendants' discovery requests are entitled to the protection negotiated and agreed to by the parties to the prior suit. Nor have the parties suggested a workable mechanism through which the Court could determine whether particular materials should remain confidential or should be subject to production in the present action. As Plaintiff acknowledges, the protective order in the prior suit includes a mechanism through which a party may consent to the disclosure of confidential materials or withdraw its "confidential" designation as to certain materials. (4/5/2004 Protective Order at ¶ 11.) The Court fails to see why the parties to the current and prior suits should not be required to explore this avenue of cooperative resolution, subject to whatever protective terms they might negotiate, before seeking a judicial determination that particular third-party materials are or are not still confidential and entitled to protection.

Finally, Defendants argue that Plaintiff would gain an unfair advantage if he were not compelled to provide them with all of the materials he obtained and information he learned in the prior litigation. Yet, Defendants have failed to identify any principle of law that dictates that opposing parties in litigation must operate from precisely the same base of knowledge.[4] In any event, to the extent that a party perceives such a deficiency in its

---

[4]Moreover, the third parties correctly observe that under the protective order in the prior suit — which, as noted, remains binding upon the parties to that suit — Plaintiff is prohibited from using the confidential information he obtained from the third parties for any purpose unconnected to that litigation. This mitigates the "unfair advantage" complained of by Defendants.

awareness of or access to relevant information, various discovery mechanisms are available — including third party subpoenas — to close this gap. While it undoubtedly would be more convenient for Defendants if Plaintiff could be compelled to divulge all of the information and materials he obtained in the prior suit, this consideration does not trump the protections negotiated by the parties — and made binding and enforceable through an order of this Court — as a precondition to the disclosure of these materials in the prior litigation. At a minimum, Defendants must pursue the usual avenues of discovery and establish that they are inadequate before asking this Court to override the protective order it entered at the parties' request in the prior litigation.[5]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the March 21, 2008 motion by third parties Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. to intervene and for a protective order is GRANTED. IT IS FURTHER ORDERED that the March 28, 2008 motion by third party Dell Inc. for leave to file its objection to the disclosure of confidential information also is GRANTED. Finally, it is further ordered that the objections lodged by these third parties and by third party ViewSonic Corporation are SUSTAINED in accordance with the rulings in this order, such that Plaintiff may not produce the information and materials that are the subject of these

---

[5]One can only wonder whether Defendants would be so cavalier about the terms of a protective order and the designation of materials as confidential if it were *their* materials that Plaintiff sought to use or disclose outside the confines of the present litigation.

objections absent the consent of the relevant third party.

                                        s/Gerald E. Rosen
                                        Gerald E. Rosen
                                        United States District Judge

Dated: May 9, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 9, 2008, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Case Manager